IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 6:19-cv-662 |
| CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING, INC., | § § § | |
| Defendants. | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Cody A. Schoenen and Smokey Point Distributing, Inc., ("Defendants") file this Notice of Removal under 28 U.S.C. § 1446(a) and 28 U.S.C. § 1332(a)(2).

# I.
# INTRODUCTION

1.   Cody A. Schoenen and Smokey Point Distributing, Inc. are defendants in a civil action brought on October 17, 2019, in the 162nd Judicial District Court of the State of Texas, County of Dallas, entitled "*Patricia Rodriguez-Lopez and Peter Lopez, Plaintiffs, v. Cody A. Schoenen and Smokey Point Distributing, Inc., Defendants*," Cause No. DC-19-16139. The Plaintiffs alleged that they were injured as a result of an incident between their vehicle and the 18-wheeler driven and owned by Defendants, which occurred on or

about October 4, 2017 in Bell County, Texas. A copy of the citation and petition in that action is attached as **Exhibit A**.[1]

2.   On November 7, 2019, an Agreed Motion to Transfer Venue was filed by the Defendants, requesting transfer from Dallas County to Bell County, Texas. The Dallas County court has not yet ruled on that Agreed Motion. On November 11, 2019, Defendants timely filed their Original Answer in the Dallas County court, pending transfer to Bell County. A copy of these pleadings are attached, respectively, as **Exhibits B and C.**

## II.
## TIMELINESS OF REMOVAL

3.   The citation and petition in this action were served on Defendants on October 17, 2019, by electronic service on their attorneys in Dallas, Texas. This notice of removal is filed within 30 days of receipt of the petition and is thus timely filed under 28 U.S.C. § 1446(b).  *Bd. Of Regents of Univ. of Tex.Sys. v. Nippon Tel. & Tel.Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## III.
## BASIS FOR REMOVAL

4.   Removal is proper because this Court possesses diversity jurisdiction over the matter. 28 U.S.C. § 1332(a).   Additionally, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000. Each Plaintiff has presented a demand of the Defendants in excess of $100,000.00. Should either Plaintiff, or both,

---

[1] Plaintiffs filed their First Amended Original Petition and Request for Written Discovery in order to omit improperly-named defendants who were originally included in the suit in error. A copy of the Original Petition is also included in **Exhibit** A, for the Court's reference.

prevail on a claim against Defendants stated in the Plaintiffs' Petition, attached to this notice, they would be entitled to damages in excess of $75,000.00.

5.    Plaintiffs stated in their Petition that they are citizens of the State of Texas, which constitutes a judicial admission with respect to Plaintiffs' state of residency.  *See* **Exhibit A,** Plaintiff's First Amended Original Petition, Section II. Defendant Cody A. Schoenen is a citizen of Washington who resides in Edmonds, Washington. Defendant Smokey Point Distributing, Inc. is a citizen of Washington, as a Washington corporation with its principal place of business located within the state of Washington.  Plaintiffs judicially admit this in their pleading.  *Id.*

6.    Given that Plaintiffs are citizens of Texas and Defendants are citizens of Washington, there is complete diversity among the parties to this suit, and removal based on diversity jurisdiction is proper.

7.    An index of the state court docket and copies of pleadings, process, orders, and other filings in the state-court suit as well as the separately signed Certificate of Interested Persons are attached to the Notice of Removal as required by 28 U.S.C § 1446(a) and Fed. R. Civ. P. 7 as **Exhibit D**.

8.    Venue is proper in the U.S. District Court for the Western District of Texas under 28 U.S.C. § 1441(a) because the Bell County state court, which the parties agree is the correct venue, is located in this district.

9.    Defendants will promptly give written notice and file a copy of this Notice of Removal with the clerk of the Dallas County Court and on all counsel of record pursuant to 28 U.S.C. § 1446(d).

# IV.
# NO JURY DEMAND

10. The parties have not demanded a jury trial in state court.

# V.
# COURT INFORMATION

11. The address and contact information for the 162nd District Court of Dallas County, Texas (where this matter was originally filed) is as follows:

> 162nd Judicial District Court
> Hon. Maricela Moore, Presiding
> George L. Allen, Sr. Courts Building
> 600 Commerce Street
> 7th Floor New Tower
> Dallas, TX 75202
> Telephone (214) 653-7348

12. The address and contact information for the Bell County Courts (where this matter is pending transfer) is as follows:

> Bell County Court Coordinator
> Charlotte Luther
> Bell County Justice Center
> 1201 Huey Road
> Belton, TX 76513
> Telephone (254) 933-5180

# VI.
# PRAYER

Because Defendants are citizens of the state of Washington and Plaintiffs are citizens of Texas, complete diversity exists, creating diversity jurisdiction under 28 U.S.C. § 1332(a), and venue is proper in the U.S. District Court for the Western District of Texas under 28 U.S.C. § 1441(a) in light of the parties' pending Agreed Motion to

Transfer Venue. Defendants thus ask the Court to remove this suit to the U.S. District Court for the Western District of Texas, Waco Division.

Respectfully Submitted,

**THE BASSETT FIRM**

*/s/ Georgette P. Oden*
**MIKE H. BASSETT**
SBN: 01890500
**GEORGETTE P. ODEN**
SBN: 24029752
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
efile@thebassettfirm.com
mbassett@thebassettfirm.com
goden@thebassettfirm.com

**ATTORNEYS FOR DEFENDANTS, CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING, INC.**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was forwarded to the following counsel of record on this 15th day of November, 2019, pursuant to the Texas Rules of Civil Procedure:

*Via ECF-PACER*
Mr. William E. Hymes
Loncar Associates
424 S. Cesar Chavez Blvd.
Dallas, Texas 75201

*/s/ Georgette P. Oden*
**GEORGETTE P. ODEN**

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Patricia Rodriguez-Lopez and Peter Lopez

**DEFENDANTS**

Cody A. Schoenen and Smokey Point Distributing, Inc.

**(b)** County of Residence of First Listed Plaintiff  Dallas County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Snohomish County, WA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

William Hymes, Loncar Associates, 424 S. Cesar Chavez Blvd. Dallas, Texas 75201. (214) 747-0422

Attorneys *(If Known)*

Mike Bassett/Georgette Oden, The Bassett Firm, 3838 Oak Lawn Ave. Ste. 1300, Dallas, Texas 75219. (214) 219-9900

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1446(a) and 1332(a)(2).

Brief description of cause:
Personal injury suit arising from motor vehicle incident on 10/4/17 in Bell County, Texas.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   none

JUDGE

DOCKET NUMBER

DATE
11/15/2019

SIGNATURE OF ATTORNEY OF RECORD
*Georgette Oden*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Waco ☐▼ DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day**
following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION:**

1.      Please identify the court from which the case is being removed; the case number; and the
complete style of the case.

- Dallas County, Texas - 162nd Judicial District (pending Agreed Motion to Transfer Venue, as yet unsigned by the Dallas Court, to Bell County, Texas.)
- Cause No. DC-19-16139.
- Patricia Rodriguez-Lopez and Peter Lopez v. Cody A. Schoenen and Smokey Point Distributing, Inc.

2.      Was jury demand made in State Court?        ☐ Yes        ☒ No

If yes, by which party and on what date?

Party Name                                    Date

**STATE COURT INFORMATION:**

1.      List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the
attorney(s) of record for each party named and include the attorney's firm name, correct mailing address,
telephone number, and fax number (including area codes).

- Plaintiffs: Patricia Rodriguez-Lopez and Peter Lopez - represented by William Hymes, Loncar Associates, 424 S. Cesar Chavez Blvd, Dallas TX 75201, T: (214) 747-0422, F: (214) 393-6492.
- Defendants: Cody A. Schoenen and Smokey Point Distributing, Inc. - Mike Bassett and Georgette Oden, The Bassett Firm, 3838 Oak Lawn Ave. Ste. 1300, Dallas TX 75219 T:(214)219.9900   F: (214) 219-9456

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

n/a

3.      List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

*Defendants SPD Trucking, LLC ; Hennessy Capital Acquisition Corp. IV ; LST Equipment, Inc.; Texr Assets 2, LLC ; Daseke Companies, Inc. Plaintiffs filed Amended Petition omitting these defendants because they were not associated with the company involved, and were improperly named to begin with.*

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1.      List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

*n/a*

**VERIFICATION:**

Attorney for Removing Party                          Date

Party/Parties

(NOTE:  Additional comment space is available on page 3)

# EXHIBIT "A"

FILED
DALLAS COUNTY
10/3/2019 1:35 PM
FELICIA PITRE
DISTRICT CLERK

JAVIER HERNANDEZ

DC-19-16139

CAUSE NO. _____

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ AND PETER LOPEZ | § § § | IN THE DISTRICT COURT |
| VS. | § § § | 162ND JUDICIAL DISTICT |
| CODY A. SCHOENEN, SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., DASEKE COMPANIES, INC. | § § § § § § § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME **PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ**, Plaintiffs, complaining of and about **CODY A. SCHOENEN, SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.,** and for cause of action shows unto the Court the following:

## I.
## DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.3 and affirmatively plead that they are seeking monetary relief of over $200,000.00, but not more than $1,000,000.00.

## II.
## PARTIES AND SERVICE

Plaintiff, **PATRICIA RODRIGUEZ-LOPEZ**, is an individual resident of Dallas, Texas. The last three digits of Plaintiff's Social Security Number are 747 and the last three digits of her driver's license are 878.

---

Plaintiff, **PETER LOPEZ**, is an individual resident of Dallas, Texas.  The last three digits of Plaintiff's Social Security Number are 643 and the last three digits of his driver's license are 119.

Defendant **CODY A. SCHOENEN** is an individual resident of Woodway, Washington, and may be served with process at his home at the following address:  **24223 Timber Lane, Woodway, Washington 98020, or wherever he may be found**.  Service of said Defendant as described above can be effected by personal delivery.

Defendant **SMOKEY POINT DISTRIBUTING, INC.,** is a foreign corporation which may be served via its designated registered agent: **CT Corporation System, 711 Capitol Way S, Suite 204, Olympia, Washington 98501.**

Defendant **SPD TRUCKING, L.L.C.,** is a foreign corporation which may be served via its designated registered agent: **CT Corporation System, 711 Capitol Way S, Suite 204, Olympia, Washington 98501.**

Defendant **HENNESSY CAPITAL ACQUISITION CORP. IV,** is a foreign corporation which may be served via its designated registered agent: **Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.**

Defendant **LST EQUIPMENT, INC.,** is a Texas corporation which may be served via its designated registered agent: **CT Corporation System, 1999 Street, Suite 900, Dallas, TX 75201.**

Defendant **TEXR ASSETS 2, L.L.C.,** is a Texas corporation which may be served via its designated registered agent: **CT Corporation System, 1999 Street, Suite 900, Dallas, TX 75201.**

Defendant **DASEKE COMPANIES, INC.,** is a foreign corporation which may be served via its designated registered agent: **The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.**

### III.
### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Furthermore, Plaintiffs would show that Defendants engaged in activities constituting business in the state of Texas as provided by Tex. Civ. Prac. & Rem. Code § 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants committed a tort in whole or in part in Texas.

Venue in Dallas County is proper in this cause because Defendants LST Equipment, Inc., and TexR Assets, L.L.C., are corporations formed in the State of Texas with their principal office located in Addison, Dallas County, Texas.

### IV.
### FACTS

On October 4, 2017, Defendant **CODY A. SCHOENEN** was operating a tractor-trailer northbound on I-35, near Waco, Texas, with Plaintiff's vehicle situated beside him. Defendant **CODY A. SCHOENEN** suddenly, and without warning, changed lanes and entered Plaintiffs' lane of travel crashing into the side of Plaintiffs' vehicle and forcing their vehicle into the

concrete barrier.   As a result of the collision, Plaintiffs were caused to suffer injuries and damages which are the subject of this lawsuit.

At the time of the collision, Defendant **CODY A. SCHOENEN** was operating a tractor and pulling a trailer owned and/or leased by one, or all, of the named Defendants.

**V.**
**NEGLIGENCE OF DEFENDANT CODY A. SCHOENEN**

Defendant **CODY A. SCHOENEN** had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

The injuries suffered by Plaintiffs were proximately caused by Defendant **CODY A. SCHOENEN'S** negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant **CODY A. SCHOENEN** consisted of, but is not limited to, the following acts and omissions:

    a.  Failing to pay attention to the roadway and the other motor vehicles around him;

    b.  Failure to turn his vehicle in an effort to avoid the collision complained of;

    c.  Failure to keep such distance away from Plaintiffs' vehicle as a person using ordinary prudent care would have done;

    d.  Operating his vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    e.  Failure to apply the brakes to his vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

    f.  Violating the following provisions of the V.T.C.A. (Texas Transportation Code) and for which such failures constitute negligence per se as set out below:

        Sec. 545.060.  DRIVING ON ROADWAY LANED FOR TRAFFIC.

        (a)     An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1)    shall drive as nearly as practical entirely within a single lane; and

(2)    may not move from the lane unless that movement can be made safely.

g.  Failure to read and follow the company policies and procedure;

h.  Failure to obtain the necessary training, education, and knowledge to safely operate the truck in question;

i.  Failure to adhere to the Texas Commercial Motor Vehicle Driver's Handbook;

j.  Operating the vehicle while overly fatigued; and

k.  Violating one or more of the following provisions of the Federal Motor Carrier Safety Regulations and for which such failure constitutes negligence per se as set out below:

1.  49 C.F.R. § 392.1, did not sufficiently know the safety regulations as required;

2.  49 C.F.R. § 392.14, did not exercise extreme caution when driving in hazardous conditions.

3.  Part 380 regarding special training requirements.

4.  Part 386 regarding rules of practice for motor carriers;

5.  Part 383 regarding commercial driver's license requirements;

6.  Part 390 regarding rules of practice for motor carriers; and

7.  Part 391 regarding the qualification of drivers.

All such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

Each and every one of the foregoing acts and omissions, as well as others, which are not specifically mentioned herein, constitute negligence and each and every such act and/or omission was the proximate cause of the collision and of Plaintiffs' damages, for which they pray for judgment in an amount in excess of the minimum jurisdictional limits of the Court.

**VI.**
**NEGLIGENCE OF DEFENDANTS SMOKEY POINT DISTRIBUTING, INC., SPD**
**TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST**
**EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.**

On the occasion in question, Defendant **CODY A. SCHOENEN** was an employee and/or

agent of Defendants **SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C.,**

**HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR**

**ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.,** and driving a vehicle owned and/or

leased by them.

Defendants negligently entrusted their vehicle to Defendant **CODY A. SHOENEN**.

Further, Defendants negligently hired, negligently trained and negligently supervised Defendant

**CODY A. SCHOENEN**.   Defendants were negligent, without limitations, in the following

partriculars:

a. Failing to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor-trailer on the roadway of the State of Texas;

b. Failing to conduct a proper employment and background check;

c. Failing to sufficiently inquire into Defendant **CODY A. SHOENEN'S**, qualifications, training, and competency before hiring him;

d. Failing to explain and demonstrate its safety policies and procedures to Defendant **CODY A. SHOENEN**;

e. Failing to provide the necessary and proper training to Defendant **CODY A. SHOENEN**, regarding truck driving, truck safety, safety classes, how to properly and safely drive a truck, and in all matters regarding the proper and safe operation of a truck and the maintenance of a truck in various situations;

f. Failing to provide and/or require regular follow-up driver education and training;

g. Failing to monitor Defendant **CODY A. SHOENEN**, to make sure that he was complying with policies and procedures;

h. Failing to interview and test Defendant **CODY A. SHOENEN**, to make sure

he read, and was familiar with, understood, and followed the company
policies and procedures;

i.   Failing to document attendance and topics discussed at any safety meeting
     and/or course instruction;

j.   Failing to require attendance at any safety meetings or instruction;

k.   Failing to discipline, supervise, remedy, and train Defendant **CODY A.
     SHOENEN**;

l.   Failing to train, reprimand, supervise, and remedy any deficiencies in
     Defendant **CODY A. SHOENEN**, as a driver;

m.   Failing to monitor and document the number of accidents, moving violations,
     speed of a particular violation, and fault of a violation and/or accident
     involving Defendant **CODY A. SHOENEN**;

n.   Failing to properly document citations, moving violations, accidents, and
     violation of policy Defendant **CODY A. SHOENEN**, and/or other
     employees;

o.   Failing to conduct regular and required review of Defendant **CODY A.
     SHOENEN'S**, performance;

p.   Failing to require and maintain records of violation by Defendant **CODY A.
     SHOENEN**;

q.   Failing to maintain a driver qualification file on Defendant **CODY A.
     SHOENEN**;

r.   Failing to require Defendant **CODY A. SHOENEN** to comply with the Texas
     and Federal Motor Carrier Safety Regulations, the Texas Commercial Motor
     Vehicle Driver's Handbook, and the Texas Transportation Code;

s.   Providing a truck to Defendant **CODY A. SHOENEN**, who was not properly
     trained and did not have the proper education, background, training, or
     experience to safely operate the tractor/trailer, and who was an incompetent
     and/or reckless driver who repeatedly failed to comply with Texas and Federal
     Regulations and Guidelines; and

t.   In violating the following provisions of Code of Federal Regulations and for
     which such failures constitute negligence per se as set out below:

     1.   Part 380 regarding special training requirements;

     2.   Part 390 regarding federal motor carrier safety regulations; and

3.  Part 391 regarding the qualification of drivers.

Each of such acts and omissions, singularly or in combination with others, were the approximate cause of the injuries suffered by Plaintiffs.  Plaintiffs pray for judgment in an amount in excess of the minimum jurisdictional limits of this Court.

## VII.
## AGENCY AND RESPONDEAT SUPERIOR

At all times material hereto, Defendant **CODY A. SHOENEN** was acting, not only in his individual capacity, but also as an agent, representative, and/or employee of Defendants **SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.,** and acting within the scope of such employment. Under the doctrines of *agency* and *respondeat superior*, Defendants are liable for the acts and omissions of their employee and/or agent.

## VIII.
## OSTENSIBLE AGENCY

Plaintiffs reasonably believed that Defendant **CODY A. SHOENEN** was an agent Defendants **SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.**

Further, Defendants held Defendant **CODY A. SHOENEN** out as their agent and Plaintiffs justifiably relied on said representation. Any actions or omissions committed by Defendant **CODY A. SHOENEN**, therefore, are imputable to Defendants **SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL**

ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND
DASEKE COMPANIES, INC.

## IX.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit,
Plaintiffs were caused to suffer physical and emotional injuries resulting in the following
damages:

    a.  Reasonable and necessary medical care and expenses in the past.  These
expenses were incurred by Plaintiffs for the necessary care and treatment of
the injuries resulting from the collision complained of herein and such charges
are reasonable and were usual and customary charges for such services;

    b.  Reasonable and necessary medical care and expenses which will, in all
reasonable probability, be incurred in the future;

    c.  Physical pain and suffering in the past and future;

    d.  Impairment in the past and future;

    e.  Mental anguish in the past and future;

    f.  Lost wages in the past and future; and

    g.  Loss of earning capacity in the past and future.

## X.
## DISCOVERY REQUESTS

Under Texas Rule of Civil Procedure 194.2, Plaintiffs request that all Defendants
named herein disclose, within 50 days of the service of this request, the information or
material described in Rule 194.2 (a) through (l).  This is to give further notice to the
Defendants and Defendants' attorney(s) that attached to this Petition and Request for
Disclosure, and being served herewith on each Defendant, are:

    a)    Interrogatories;

       b)       Request for Production; and

       c)       Request for Admissions.

Defendants are hereby requested to serve on the undersigned counsel true and complete responses to all written discovery requests within fifty (50) days of service.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs, against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of this Court; including interest, as allowed by Sec. 41.008, Chapter 41, Tex.Civ.Prac.& Rem.Code; together with pre-judgment interest (from the date of injury through the date of judgment), at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**LONCAR ASSOCIATES**

/s/ *William E. Hymes*

**William E. Hymes**
Texas Bar No. 24029624

424 S Cesar Chavez Blvd
Dallas, TX  75201
Tel. (214) 747-0422
Fax. (214) 393-6492
wehymes@loncarassociates.com

**ATTORNEY FOR PLAINTIFFS**

CAUSE NO. DC-19-16139

| | | |
|---|---|---|
| **PATRICIA RODRIGUEZ-LOPEZ AND** | § | **IN THE DISTRICT COURT** |
| **PETER LOPEZ** | § | |
| | § | **162ND JUDICIAL DISTICT** |
| **VS.** | § | |
| | § | |
| **CODY A. SCHOENEN AND SMOKEY** | § | |
| **POINT DISTRIBUTING, INC.** | § | **DALLAS COUNTY, TEXAS** |

<u>**PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION**
**AND REQUEST FOR WRITTEN DISCOVERY**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **NOW COME PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ**, Plaintiffs, complaining of and about **CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING, INC.,** and for cause of action shows unto the Court the following:

I.
<u>**DISCOVERY CONTROL PLAN**</u>

 Plaintiffs intend to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.3 and affirmatively plead that they are seeking monetary relief of over $200,000.00, but not more than $1,000,000.00.

II.
<u>**PARTIES AND SERVICE**</u>

 Plaintiff, **PATRICIA RODRIGUEZ-LOPEZ**, is an individual resident of Dallas, Texas. The last three digits of Plaintiff's Social Security Number are 747 and the last three digits of her driver's license are 878.

 Plaintiff, **PETER LOPEZ**, is an individual resident of Dallas, Texas. The last three digits of Plaintiff's Social Security Number are 643 and the last three digits of his driver's license are 119.

Defendant **CODY A. SCHOENEN** is an individual resident of Woodway, Washington, and may be served through his attorney Michael H. Bassett, The Bassett Firm.

Defendant **SMOKEY POINT DISTRIBUTING, INC.,** is a foreign corporation which may be served and may be served through its attorney Michael H. Bassett, The Bassett Firm.

## III.
## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

Plaintiffs would show that Defendants engaged in activities constituting business in the state of Texas as provided by Tex. Civ. Prac. & Rem. Code § 17.042 in that said Defendants committed a tort in whole or in part in Texas.

Venue in Dallas County is proper in this cause, as provided by Tex. Civ. Prac. & Rem. Code § 15.002(a)(4) because at the time of the occurrence, Plaintiffs were residents of Dallas County, Texas.

## IV.
## FACTS

On October 4, 2017, Defendant **CODY A. SCHOENEN** was operating a tractor-trailer northbound on I-35, near Waco, Texas, with Plaintiff's vehicle situated beside him. Defendant **CODY A. SCHOENEN** suddenly, and without warning, changed lanes and entered Plaintiffs' lane of travel crashing into the side of Plaintiffs' vehicle and forcing their vehicle into the concrete barrier. As a result of the collision, Plaintiffs were caused to suffer injuries and damages which are the subject of this lawsuit.

At the time of the collision, Defendant **CODY A. SCHOENEN** was operating a tractor and pulling a trailer owned and/or leased by Defendant **SMOKEY POINT DISTRIBUTING, INC.**

## V.
## <u>NEGLIGENCE OF DEFENDANT CODY A. SCHOENEN</u>

Defendant **CODY A. SCHOENEN** had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under the same or similar circumstances.

The injuries suffered by Plaintiffs were proximately caused by Defendant **CODY A. SCHOENEN'S** negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant **CODY A. SCHOENEN** consisted of, but is not limited to, the following acts and omissions:

a.   Failing to pay attention to the roadway and the other motor vehicles around him;

b.   Failure to turn his vehicle in an effort to avoid the collision complained of;

c.   Failure to keep such distance away from Plaintiffs' vehicle as a person using ordinary prudent care would have done;

d.   Operating his vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

e.   Failure to apply the brakes to his vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

f.   Violating the following provisions of the V.T.C.A. (Texas Transportation Code) and for which such failures constitute negligence per se as set out below:

Sec. 545.060.  DRIVING ON ROADWAY LANED FOR TRAFFIC.

(a)      An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1)      shall drive as nearly as practical entirely within a single lane;  and
(2)      may not move from the lane unless that movement can be made safely.

g.   Failure to read and follow the company policies and procedure;

h.   Failure to obtain the necessary training, education, and knowledge to safely

Plaintiffs' 1st Amended Original Petition

operate the truck in question;

i.  Failure to adhere to the Texas Commercial Motor Vehicle Driver's Handbook;

j.  Operating the vehicle while overly fatigued; and

k.  Violating one or more of the following provisions of the Federal Motor Carrier Safety Regulations and for which such failure constitutes negligence per se as set out below:

> 1.  49 C.F.R. § 392.1, did not sufficiently know the safety regulations as required;
>
> 2.  49 C.F.R. § 392.14, did not exercise extreme caution when driving in hazardous conditions.
>
> 3.  Part 380 regarding special training requirements.
>
> 4.  Part 386 regarding rules of practice for motor carriers;
>
> 5.  Part 383 regarding commercial driver's license requirements;
>
> 6.  Part 390 regarding rules of practice for motor carriers; and
>
> 7.  Part 391 regarding the qualification of drivers.

All such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

Each and every one of the foregoing acts and omissions, as well as others, which are not specifically mentioned herein, constitute negligence and each and every such act and/or omission was the proximate cause of the collision and of Plaintiffs' damages, for which they pray for judgment in an amount in excess of the minimum jurisdictional limits of the Court.

## VI.
## NEGLIGENCE OF DEFENDANTS SMOKEY POINT DISTRIBUTING, INC.

On the occasion in question, Defendant **CODY A. SCHOENEN** was an employee and/or agent of Defendant **SMOKEY POINT DISTRIBUTING, INC.** and driving a vehicle owned and/or leased by it.

Defendant negligently entrusted its vehicle to Defendant **CODY A. SHOENEN**. Further, Defendant negligently hired, negligently trained and negligently supervised Defendant **CODY A. SCHOENEN**.  Defendant was negligent, without limitations, in the following partriculars:

    a. Failing to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor-trailer on the roadway of the State of Texas;

    b. Failing to conduct a proper employment and background check;

    c. Failing to sufficiently inquire into Defendant **CODY A. SHOENEN'S**, qualifications, training, and competency before hiring him;

    d. Failing to explain and demonstrate its safety policies and procedures to Defendant **CODY A. SHOENEN**;

    e. Failing to provide the necessary and proper training to Defendant **CODY A. SHOENEN**, regarding truck driving, truck safety, safety classes, how to properly and safely drive a truck, and in all matters regarding the proper and safe operation of a truck and the maintenance of a truck in various situations;

    f. Failing to provide and/or require regular follow-up driver education and training;

    g. Failing to monitor Defendant **CODY A. SHOENEN**, to make sure that he was complying with policies and procedures;

    h. Failing to interview and test Defendant **CODY A. SHOENEN**, to make sure he read, and was familiar with, understood, and followed the company policies and procedures;

    i. Failing to document attendance and topics discussed at any safety meeting and/or course instruction;

    j. Failing to require attendance at any safety meetings or instruction;

    k. Failing to discipline, supervise, remedy, and train Defendant **CODY A. SHOENEN**;

    l. Failing to train, reprimand, supervise, and remedy any deficiencies in Defendant **CODY A. SHOENEN**, as a driver;

m.  Failing to monitor and document the number of accidents, moving violations, speed of a particular violation, and fault of a violation and/or accident involving Defendant **CODY A. SHOENEN**;

n.  Failing to properly document citations, moving violations, accidents, and violation of policy Defendant **CODY A. SHOENEN**, and/or other employees;

o.  Failing to conduct regular and required review of Defendant **CODY A. SHOENEN'S**, performance;

p.  Failing to require and maintain records of violation by Defendant **CODY A. SHOENEN**;

q.  Failing to maintain a driver qualification file on Defendant **CODY A. SHOENEN**;

r.  Failing to require Defendant **CODY A. SHOENEN** to comply with the Texas and Federal Motor Carrier Safety Regulations, the Texas Commercial Motor Vehicle Driver's Handbook, and the Texas Transportation Code;

s.  Providing a truck to Defendant **CODY A. SHOENEN**, who was not properly trained and did not have the proper education, background, training, or experience to safely operate the tractor/trailer, and who was an incompetent and/or reckless driver who repeatedly failed to comply with Texas and Federal Regulations and Guidelines; and

t.  In violating the following provisions of Code of Federal Regulations and for which such failures constitute negligence per se as set out below:

   1.  Part 380 regarding special training requirements;

   2.  Part 390 regarding federal motor carrier safety regulations; and

   3.  Part 391 regarding the qualification of drivers.

Each of such acts and omissions, singularly or in combination with others, were the approximate cause of the injuries suffered by Plaintiffs.  Plaintiffs pray for judgment in an amount in excess of the minimum jurisdictional limits of this Court.

**VII.**
**AGENCY AND RESPONDEAT SUPERIOR**

At all times material hereto, Defendant **CODY A. SHOENEN** was acting, not only in his individual capacity, but also as an agent, representative, and/or employee of Defendant **SMOKEY POINT DISTRIBUTING, INC.,** and acting within the scope of such employment. Under the doctrines of *agency* and *respondeat superior*, Defendant is liable for the acts and omissions of its employee and/or agent.

**VIII.**
**OSTENSIBLE AGENCY**

Plaintiffs reasonably believed that Defendant **CODY A. SHOENEN** was an agent of Defendant **SMOKEY POINT DISTRIBUTING, INC.**

Further, Defendant held Defendant **CODY A. SHOENEN** out as its agent and Plaintiffs justifiably relied on said representation. Any actions or omissions committed by Defendant **CODY A. SHOENEN**, therefore, are imputable to Defendant **SMOKEY POINT DISTRIBUTING, INC.**

**IX.**
**DAMAGES**

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer physical and emotional injuries resulting in the following damages:

    a. Reasonable and necessary medical care and expenses in the past.  These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c. Physical pain and suffering in the past and future;

    d.  Impairment in the past and future;

    e.  Mental anguish in the past and future;

    f.  Lost wages in the past and future; and

    g.  Loss of earning capacity in the past and future.

## X.
## DISCOVERY REQUESTS

Under Texas Rule of Civil Procedure 194.2, Plaintiffs request that all Defendants named herein disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) through (l). This is to give further notice to the Defendants and Defendants' attorney(s) that attached to this Petition and Request for Disclosure, and being served herewith on each Defendant, are:

    a)    Interrogatories;

    b)    Request for Production; and

    c)    Request for Admissions.

Defendants are hereby requested to serve on the undersigned counsel true and complete responses to all written discovery requests within fifty (50) days of service.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs, against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of this Court; including interest, as allowed by Sec. 41.008, Chapter 41, Tex.Civ.Prac.& Rem.Code; together with pre-judgment interest (from the date of injury through the date of judgment), at the maximum rate allowed by law; post-judgment interest at the legal

rate; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**LONCAR ASSOCIATES**

*/s/ William E. Hymes*

**William E. Hymes**
Texas Bar No. 24029624

424 S Cesar Chavez Blvd
Dallas, TX  75201
Tel. (214) 747-0422
Fax. (214) 393-6492
wehymes@loncarassociates.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on this the 17th day of October, 2019, a true and correct copy of the above and foregoing instrument was served upon counsel for Defendants, pursuant to the TEXAS RULES OF CIVIL PROCEDURE, as follows:

***Via E-Serve***
Michael H. Bassett
The Bassett Firm

*/s/ William E. Hymes*

William E. Hymes

# EXHIBIT "B"

FILED
DALLAS COUNTY
11/7/2019 4:39 PM
FELICIA PITRE
DISTRICT CLERK
Jeremy Jones

CAUSE NO: DC-19-16139

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | 162nd JUDICIAL DISTRICT |
| CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING, INC. | § § § | |
| | § § § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

# AGREED MOTION TO TRANSFER VENUE

Defendants, CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING INC., file this Motion to Transfer Venue, and respectfully request the Court to transfer this case from Dallas County, Texas to Bell County, Texas.

In support of this request, Defendants respectfully would show the Court as follows:

# I.
# INTRODUCTION

1.      This is a personal injury suit arising from a motor vehicle incident that occurred on October 4, 2017, on northbound IH-35, north of Troy, Texas in Bell County, Texas. **Exhibit A**.

2.      In his First Amended Petition, Plaintiff asserts that venue is proper in Dallas County because at that time, "Plaintiffs were residents of Dallas County." Plaintiffs' First Amended Petition and Request for Written Discovery at 2. However, this assertion is based on Plaintiffs' incorrect application of the law of venue.

3.      The interaction between Plaintiffs and Defendants occurred in Bell County, Texas, not Dallas County, Texas. No portion of these events giving rise to this lawsuit whatsoever took place in Dallas County. For this reason, Defendants specifically deny that Dallas County is a proper venue under Section 15.002(a) of the Texas Civil Practice and Remedies Code.

4.      Because the incident occurred in Bell County, all or a substantial part of the events or omissions giving rise to the claim occurred in Bell County. Smokey Point Distributing, Inc. does not have its principal office within the State of Texas. **Exhibit B.** Therefore, Dallas County is not a proper venue in this case while Bell County is.

# II.
# ARGUMENT & AUTHORITIES

5.      Under Section 15.002(a) of the Texas Civil Practice and Remedies Code, generally, venue is proper:

> (1) In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
>
> (2) In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
>
> (3) In the county of the defendant's principal office in this state, if the defendant is not a natural person; or
>
> (4) If Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

6.      No mandatory venue provisions apply in this case; therefore, this general rule governs venue in this case.

7.      ~~In this case, **venue is not proper in Dallas County**, because all or a substantial~~ part of the events or omissions giving rise to the claim **did not** occur there. Additionally, neither Defendant resides nor has a principal office in Dallas County.

8.      In contrast, **venue is proper in Bell County**, where the motor vehicle incident occurred, because all or a substantial part of the events or omissions giving rise to the claim occurred there.

## III.
## PRAYER

For these reasons, Defendants ask the Court to grant Defendants' Motion to Transfer Venue, and enter an Order transferring this case to Bell County, Texas.

Defendants also request all other relief to which they may be entitled in law and equity.

Respectfully submitted,

**THE BASSETT FIRM**


**MIKE H. BASSETT**
SBN: 01890500
mbassett@thebassettfirm.com
**GEORGETTE P. ODEN**
SBN: 24029752
goden@thebassettfirm.com
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
efile@thebassettfirm.com

**ATTORNEYS FOR DEFENDANTS**
**CODY SCHOENEN AND SMOKEY**
**POINT DISTRIBUTING**

**LONCAR & ASSOCIATES**

_/s/ William E. Hymes (with permission)_
**WILLIAM E. HYMES**
SBN: 24029624
wehymes@loncarassociates.com
424 S. Cesar Chavez Blvd.
Dallas, Texas 75201
(214) 747-0422 Telephone
(214) 393-6492 Facsimile

**ATTORNEYS FOR PLAINTIFFS
PATRICIA RODRIGUEZ-LOPEZ
AND PETER LOPEZ**

---

# CERTIFICATE OF CONFERENCE

Counsel for movant e-mailed a draft of this Motion to counsel for respondent on November 5, 2019. I have conferred with opposing counsel, William Hymes on November 5, 2019, and he agreed with filing this motion and the relief we have requested. However, it is necessary to proceed with filing this Motion and the Defendants' Original Answer without delay in light of the date of service and the potential harm to the movant in delaying the filing of these documents.

_____
**MIKE H. BASSETT
GEORGETTE P. ODEN**

# CERTIFICATE OF SERVICE

I certify that a true copy of this document was forwarded to the following counsel of record pursuant to the Texas Rules of Civil Procedure on this _7th_ day of November, 2019.

*Via Eservice:*
Mr. William E. Hymes
Loncar & Associates
424 S. Cesar Chavez Blvd.
Dallas, Texas 75201

**MIKE H. BASSETT**
**GEORGETTE P. ODEN**

# EXHIBIT A

AFFIDAVIT OF CODY SCHOENEN

My name is Cody ___A___ Schoenen, my date of birth is 01/03/92, and my address is 23332 Edmonds Way, #D303, Edmonds, WA, 98026, in the United States. I declare under penalty of perjury that the foregoing is true and correct.

I am a party to this lawsuit, which relates to events on October 4, 2017. I was driving a tractor-trailer northbound on IH-35, north of Troy, Texas. To the best of my knowledge, both the Plaintiffs and I were physically located in Bell County, Texas when these events took place.

Executed in Snohomish County, State of Washington, on the __4__ day of November, 2019.

(Signature)

# EXHIBIT B

AFFIDAVIT OF MICHAEL HAAS

My name is Michael Haas, my date of birth is 6-13-63 and my address is 317 N 57th St in the
United States. I declare under penalty of perjury that the foregoing is true and correct. Yakima WA 98901

I am a Director and employed by a party to this lawsuit, which relates to events on October 4, 2017. I
have worked for Smokey Point Distributing, Inc. for 2 years. The company's principal offices are not,
and have never been, in Texas. Our physical and mailing addresses are both in Arlington, Washington
State.

Executed in Snohomish County, State of Washington, on this the 4 day of November, 2019.

_____
(signature)

**Ryan A. Stoker**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Monday, November 11, 2019 10:21 AM |
| **To:** | Ryan A. Stoker |
| **Subject:** | Filing Accepted for Case: DC-19-16139; PATRICIA RODRIGUEZ-LOPEZ, et al vs. CODY A. SCHOENEN, et al; Envelope Number:  38329143 |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |



# Filing Accepted

Envelope Number: 38329143
Case Number: DC-19-16139
Case Style: PATRICIA RODRIGUEZ-LOPEZ, et
al vs. CODY A. SCHOENEN, et al

The filing below was reviewed and has been accepted by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.

| Filing Details | |
|---|---|
| **Court** | Dallas County - District Clerk - Civil |
| **Case Number** | DC-19-16139 |
| **Case Style** | PATRICIA RODRIGUEZ-LOPEZ, et al vs. CODY A. SCHOENEN, et al |
| **Date/Time Submitted** | 11/7/2019 4:39 PM CST |
| **Date/Time Accepted** | 11/11/2019 10:20 AM CST |
| **Accepted Comments** | THANK YOU FOR E-FILING. JEREMY JONES 214-413-4204 |
| **Filing Type** | EFileAndServe |
| **Filing Description** | AGREED |
| **Activity Requested** | Motion - Transfer - Change Of Venue |
| **Filed By** | Ryan Stoker |
| **Filing Attorney** | Georgette Oden |

| Document Details | |
|---|---|
| **Lead Document** | D M Transfer Venue.pdf |
| **Lead Document Page Count** | 9 |
| **File Stamped Copy** | Download Document |
| This link is active for 30 days. | |

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.

For technical assistance, contact your service provider



Need Help? Help
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

Please do not reply to this email. It was automatically generated.

# EXHIBIT "C"

CAUSE NO:  DC-19-16139

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | _____ JUDICIAL DISTRICT |
| CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING, INC. | § § § § | |
| Defendants. | § § | DALLAS COUNTY, TEXAS |

## DEFENDANTS, CODY A SCHOENEN AND SMOKEY POINT DISTRIBUTING, INC.'S, ORIGINAL ANSWER

Defendants, CODY A SCHOENEN and SMOKEY POINT DISTRIBUTING, INC., files this, their Original Answer, and respectfully would show the Court as follows:

## I.
## GENERAL DENIAL

1.      Defendants generally deny each and every, all and singular, of the material allegations of the Plaintiffs' live pleadings and demand strict proof thereof by a preponderance of the credible evidence as is their right under Texas Rule of Civil Procedure 92 and the Constitution of the State of Texas.

## II.
## SPECIFIC DENIALS - NEGLIGENCE PER SE

2.      The Defendants are not liable to the Plaintiffs for negligence *per se* as alleged, because the statutes allegedly violated impose no duty of care separate and apart from the ordinary duty of care *and* even if a Defendant did violate any of these statutes, which the Defendants specifically deny, that violation did not cause in fact or proximately cause any damage to the Plaintiffs.

3.      Further, even if the Defendants did violate any of these statutes, which they specifically deny, any violation was excused in that Defendant, Cody A. Schoenen, was forced by the presence of cars on both sides as well as construction barriers and lane paint to drive his tractor-trailer in the path available.

# III.
## DEFENSES

4.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, at all times material to the Plaintiff's allegations, the Defendants' conduct conformed to the applicable standard of care.

5.      Pleading further, and in the alternative, if such is necessary, Defendants contend that the alleged injuries and the collision made the basis of this suit were proximately caused by the negligent acts or omissions of Peter Lopez and Patricia Rodriguez-Lopez.

6.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, the Defendants assert that the occurrence which is the basis of this suit was the result of an unavoidable series of events which could occur without any negligence on the part of any of the Defendants whatsoever.

7.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, this action is subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, settling person, and responsible third parties that may be designated.

8.    Pleading further, and in the alternative, if such is necessary, the Defendants assert that the Plaintiffs' alleged damages, if any, were not proximately caused by an act or omission of the Defendants.

9.    Pleading further, the Defendants invoke § 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and request that, to the extent the Plaintiffs seek recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid or incurred by or on behalf of the Plaintiffs, as opposed to the amount charged.

10.    Pleading further, the Defendants assert that pre-judgment interest, if any, as requested in the Plaintiffs' live pleadings, is limited in accordance with § 304.104 et seq. of the TEXAS FINANCE CODE.

11.    Pleading further, Defendants invoke § 18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, which requires that any claim for lost wages or loss of earning capacity must be presented in the form of net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

# IV.
## PRAYER

Defendants pray that upon the final trial hereof Plaintiffs take nothing against Defendants. Further, Defendants ask the Court to enter Judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendants all other relief to which they may be entitled.

Further, Defendants pray that, depending upon the evidence adduced at trial, if Defendants are determined to be responsible to the Plaintiffs, which is denied, that Defendants be awarded a credit for the total sum of all dollar amounts of settlements received by and/or agreed to be paid to Plaintiffs as result of the occurrence(s). Further,

Defendants pray that the percentages of responsibility of Plaintiffs, each Defendant, each settling person, and each designated Responsible Third-Party should, depending upon the evidence adduced at trial, be submitted to the jury for determination.

Defendants also pray for such other and further relief to which they are justly entitled at law and in equity.

Respectfully submitted,

**THE BASSETT FIRM**

**MIKE H. BASSETT**
SBN: 01890500
mbassett@thebassettfirm.com
**GEORGETTE P. ODEN**
SBN: 24029752
goden@thebassettfirm.com
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
eService: efile@thebassettfirm.com

**ATTORNEYS FOR DEFENDANTS,
CODY A. SCHOENEN AND SMOKEY
POINT DISTRIBUTING, INC.**

# CERTIFICATE OF SERVICE

The undersigned certifies that on this __11th__ day of November, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure.

*Via eServe:*
Mr. William E. Hymes
Loncar & Associates
424 S. Cesar Chavez Blvd.
Dallas, Texas 75201

<br>

**MIKE H. BASSETT**
**GEORGETTE P. ODEN**

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ, | § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | Civil Action No. 6:19-cv-662 |
| CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING, INC., | § § § | |
| Defendants. | § § § | |

# INDEX OF
# ALL DOCUMENTS FILED IN STATE COURT

1. State court docket sheet;

2. Plaintiff's Original Petition and Request for Written Discovery;

3. Plaintiffs' First Amended Original Petition and Request for Written Discovery;

4. Plaintiff's Partial Nonsuit and Order;

5. Agreed Motion to Transfer Venue; and

6. Defendants Cody A. Schoenen and Smokey Point Distributing, Inc.'s Original Answer.

## Case Information

DC-19-16139 | PATRICIA RODRIGUEZ-LOPEZ, et al vs. CODY A. SCHOENEN, et al

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| **DC-19-16139** | **162nd District Court** | **MOORE, MARICELA** |
| File Date | Case Type | Case Status |
| **10/03/2019** | **MOTOR VEHICLE ACCIDENT** | **CLOSED** |

## Party

PLAINTIFF
RODRIGUEZ-LOPEZ, PATRICIA

Address
c/o Loncar Associates
424 S. Cesar Chavez Boulevard
Dallas TX 75201

Active Attorneys▾
**Lead Attorney**
**HYMES, WILLIAM E**
Retained

PLAINTIFF
LOPEZ, PETER

Address
c/o Loncar Associates
424 S. Cesar Chavez Boulevard
Dallas TX 75201

Active Attorneys▾
**Lead Attorney**
**HYMES, WILLIAM E**
Retained

DEFENDANT
SCHOENEN, CODY A.

Address
24223 Timber Lane
Woodway WA 98020

Active Attorneys▾
**Lead Attorney**
**BASSETT, MICHAEL H**
Retained

Attorney
**BASSETT, MICHAEL H**
Retained

DEFENDANT
SMOKEY POINT DISTRIBUTING, INC

Address
c/o CT Corporation System
711 Capitol Way S, Suite 204
Olympia WA 98501

Active Attorneys ▾
Lead Attorney
BASSETT, MICHAEL H
Retained

## Disposition Events

11/12/2019 Judgment ▾

ORDER - CHANGE VENUE TRANSFER - BELL COUNTY

Judicial Officer
MOORE, MARICELA

Judgment Type
ORDER - CHANGE VENUE TRANSFER

Judgment

Total Judgment: of $0.00

Awarded To: SCHOENEN, CODY A., et al

Awarded Against: RODRIGUEZ-LOPEZ, PATRICIA, et al

## Events and Hearings

10/03/2019 NEW CASE FILED (OCA) - CIVIL

10/03/2019 ORIGINAL PETITION ▾

ORIGINAL PETITION

10/03/2019 ISSUE CITATION ▼

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

10/07/2019 CITATION▼

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**DASEKE COMPANIES, INC.**

10/07/2019 CITATION▼

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**HENNESSY CAPITAL ACQUISTION CORP**

10/07/2019 CITATION▼

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**LST EQUIPMENT**

10/07/2019 CITATION▼

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**CODY A. SCHOENEN**

10/07/2019 CITATION▼

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**SMOKEY POINT DISTRIBUTING, INC.**

10/07/2019 CITATION ▼

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**SPD TRUCKING, LLC**

10/07/2019 CITATION ▼

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**TEXR ASSETS 2, LLC**

10/14/2019 NOTICE OF NONSUIT ▼

Ps' Notice of Partial Nonsuit.pdf

Comment
**PLAINTIFFS' PARTIAL NOTICE OF NONSUIT**

10/14/2019 NON-SIGNED PROPOSED ORDER/JUDGMENT ▼

ORDER OF PARTIAL NONSUIT WITHOUT PREJUDICE

Comment
**ORDER OF PARTIAL NONSUIT WITHOUT PREJUDICE**

10/17/2019 NOTE - ADMINISTRATOR ▼

Comment
**O/PARTIAL NONSUIT TO JUDGE**

10/17/2019 AMENDED PETITION ▼

PLAINTIFFS' 1ST AMENDED ORIGINAL PETITION AND REQUEST FOR WRITTEN DISCOVERY

Comment
**1ST - AND REQUEST FOR WRITTEN DISCOVERY**

10/21/2019 ORDER - NONSUIT ▼

ORDER - NONSUIT

Comment
**AS TO DEFENDANTS**

11/07/2019 MOTION - TRANSFER - CHANGE OF VENUE ▼

MOTION - TRANSFER VENUE

11/07/2019 NON-SIGNED PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER MOTION TO TRANSFER VENUE

Comment
**PROPOSED ORDER MOTION TO TRANSFER VENUE**

11/11/2019 NOTE - ADMINISTRATOR ▾

Comment
**O/TRSF VENUE TO JUDGE**

11/11/2019 ORIGINAL ANSWER - GENERAL DENIAL ▾

D Original Ans.pdf

11/13/2019 NOTE - CLERKS ▾

Comment
**SENT EMAIL TO: TRANSFER DESK - O/TRANSFER VENUE - BELL COUNTY**

11/13/2019 NOTE - CLERKS ▾

Comment
**COPY MAILED TO: PLAINTIFF/DEFENDANT**

## Financial

RODRIGUEZ-LOPEZ, PATRICIA

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $348.00 |
| | Total Payments and Credits | | | $348.00 |
| 10/4/2019 | Transaction Assessment | | | $348.00 |
| 10/4/2019 | CREDIT CARD - TEXFILE (DC) | Receipt # 68670-2019-DCLK | RODRIGUEZ-LOPEZ, PATRICIA | ($348.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

Ps' Notice of Partial Nonsuit.pdf

ORDER OF PARTIAL NONSUIT WITHOUT PREJUDICE

PLAINTIFFS' 1ST AMENDED ORIGINAL PETITION AND REQUEST FOR WRITTEN DISCOVERY

ORDER - NONSUIT

MOTION - TRANSFER VENUE

PROPOSED ORDER MOTION TO TRANSFER VENUE

D Original Ans.pdf

ORDER - CHANGE VENUE TRANSFER - BELL COUNTY

FILED
DALLAS COUNTY
10/3/2019 1:35 PM
FELICIA PITRE
DISTRICT CLERK

JAVIER HERNANDEZ

7 CIT/ ESERVE

DC-19-16139

CAUSE NO. _____

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ AND<br>PETER LOPEZ<br><br>VS.<br><br>CODY A. SCHOENEN, SMOKEY<br>POINT DISTRIBUTING, INC., SPD<br>TRUCKING, L.L.C., HENNESSY<br>CAPITAL ACQUISITION CORP. IV,<br>LST EQUIPMENT, INC., TEXR ASSETS<br>2, L.L.C., DASEKE COMPANIES, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>162ND JUDICIAL DISTICT<br><br><br><br>DALLAS COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR WRITTEN DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

      **NOW COME PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ**, Plaintiffs, complaining of and about **CODY A. SCHOENEN, SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.,** and for cause of action shows unto the Court the following:

**I.**
**DISCOVERY CONTROL PLAN**

      Plaintiffs intend to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.3 and affirmatively plead that they are seeking monetary relief of over $200,000.00, but not more than $1,000,000.00.

**II.**
**PARTIES AND SERVICE**

      Plaintiff, **PATRICIA RODRIGUEZ-LOPEZ**, is an individual resident of Dallas, Texas. The last three digits of Plaintiff's Social Security Number are 747 and the last three digits of her driver's license are 878.

---

Plaintiff, **PETER LOPEZ**, is an individual resident of Dallas, Texas.  The last three digits of Plaintiff's Social Security Number are 643 and the last three digits of his driver's license are 119.

Defendant **CODY A. SCHOENEN** is an individual resident of Woodway, Washington, and may be served with process at his home at the following address:  **24223 Timber Lane, Woodway, Washington 98020, or wherever he may be found**.  Service of said Defendant as described above can be effected by personal delivery.

Defendant **SMOKEY POINT DISTRIBUTING, INC.,** is a foreign corporation which may be served via its designated registered agent: **CT Corporation System, 711 Capitol Way S, Suite 204, Olympia, Washington 98501.**

Defendant **SPD TRUCKING, L.L.C.,** is a foreign corporation which may be served via its designated registered agent: **CT Corporation System, 711 Capitol Way S, Suite 204, Olympia, Washington 98501.**

Defendant **HENNESSY CAPITAL ACQUISITION CORP. IV,** is a foreign corporation which may be served via its designated registered agent: **Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.**

Defendant **LST EQUIPMENT, INC.,** is a Texas corporation which may be served via its designated registered agent: **CT Corporation System, 1999 Street, Suite 900, Dallas, TX 75201.**

Defendant **TEXR ASSETS 2, L.L.C.,** is a Texas corporation which may be served via its designated registered agent: **CT Corporation System, 1999 Street, Suite 900, Dallas, TX 75201.**

Defendant **DASEKE COMPANIES, INC.,** is a foreign corporation which may be served via its designated registered agent: **The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.**

## III.
## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Furthermore, Plaintiffs would show that Defendants engaged in activities constituting business in the state of Texas as provided by Tex. Civ. Prac. & Rem. Code § 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants committed a tort in whole or in part in Texas.

Venue in Dallas County is proper in this cause because Defendants LST Equipment, Inc., and TexR Assets 2, L.L.C., are corporations formed in the State of Texas with their principal office located in Addison, Dallas County, Texas.

## IV.
## FACTS

On October 4, 2017, Defendant **CODY A. SCHOENEN** was operating a tractor-trailer northbound on I-35, near Waco, Texas, with Plaintiff's vehicle situated beside him. Defendant **CODY A. SCHOENEN** suddenly, and without warning, changed lanes and entered Plaintiffs' lane of travel crashing into the side of Plaintiffs' vehicle and forcing their vehicle into the

concrete barrier.   As a result of the collision, Plaintiffs were caused to suffer injuries and damages which are the subject of this lawsuit.

At the time of the collision, Defendant **CODY A. SCHOENEN** was operating a tractor and pulling a trailer owned and/or leased by one, or all, of the named Defendants.

## V.
## NEGLIGENCE OF DEFENDANT CODY A. SCHOENEN

Defendant **CODY A. SCHOENEN** had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

The injuries suffered by Plaintiffs were proximately caused by Defendant **CODY A. SCHOENEN'S** negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant **CODY A. SCHOENEN** consisted of, but is not limited to, the following acts and omissions:

a.  Failing to pay attention to the roadway and the other motor vehicles around him;

b.  Failure to turn his vehicle in an effort to avoid the collision complained of;

c.  Failure to keep such distance away from Plaintiffs' vehicle as a person using ordinary prudent care would have done;

d.  Operating his vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

e.  Failure to apply the brakes to his vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

f.  Violating the following provisions of the V.T.C.A. (Texas Transportation Code) and for which such failures constitute negligence per se as set out below:

Sec. 545.060.  DRIVING ON ROADWAY LANED FOR TRAFFIC.

(a)       An operator on a roadway divided into two or more clearly marked lanes for traffic:

      (1)    shall drive as nearly as practical entirely within a single lane; and

      (2)    may not move from the lane unless that movement can be made safely.

g.  Failure to read and follow the company policies and procedure;

h.  Failure to obtain the necessary training, education, and knowledge to safely operate the truck in question;

i.  Failure to adhere to the Texas Commercial Motor Vehicle Driver's Handbook;

j.  Operating the vehicle while overly fatigued; and

k.  Violating one or more of the following provisions of the Federal Motor Carrier Safety Regulations and for which such failure constitutes negligence per se as set out below:

    1.  49 C.F.R. § 392.1, did not sufficiently know the safety regulations as required;

    2.  49 C.F.R. § 392.14, did not exercise extreme caution when driving in hazardous conditions.

    3.  Part 380 regarding special training requirements.

    4.  Part 386 regarding rules of practice for motor carriers;

    5.  Part 383 regarding commercial driver's license requirements;

    6.  Part 390 regarding rules of practice for motor carriers; and

    7.  Part 391 regarding the qualification of drivers.

All such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

Each and every one of the foregoing acts and omissions, as well as others, which are not specifically mentioned herein, constitute negligence and each and every such act and/or omission was the proximate cause of the collision and of Plaintiffs' damages, for which they pray for judgment in an amount in excess of the minimum jurisdictional limits of the Court.

## VI.
## NEGLIGENCE OF DEFENDANTS SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.

On the occasion in question, Defendant **CODY A. SCHOENEN** was an employee and/or agent of Defendants **SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.,** and driving a vehicle owned and/or leased by them.

Defendants negligently entrusted their vehicle to Defendant **CODY A. SHOENEN**. Further, Defendants negligently hired, negligently trained and negligently supervised Defendant **CODY A. SCHOENEN**. Defendants were negligent, without limitations, in the following particulars:

    a. Failing to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor-trailer on the roadway of the State of Texas;

    b. Failing to conduct a proper employment and background check;

    c. Failing to sufficiently inquire into Defendant **CODY A. SHOENEN'S**, qualifications, training, and competency before hiring him;

    d. Failing to explain and demonstrate its safety policies and procedures to Defendant **CODY A. SHOENEN**;

    e. Failing to provide the necessary and proper training to Defendant **CODY A. SHOENEN**, regarding truck driving, truck safety, safety classes, how to properly and safely drive a truck, and in all matters regarding the proper and safe operation of a truck and the maintenance of a truck in various situations;

    f. Failing to provide and/or require regular follow-up driver education and training;

    g. Failing to monitor Defendant **CODY A. SHOENEN**, to make sure that he was complying with policies and procedures;

    h. Failing to interview and test Defendant **CODY A. SHOENEN**, to make sure

he read, and was familiar with, understood, and followed the company policies and procedures;

i.   Failing to document attendance and topics discussed at any safety meeting and/or course instruction;

j.   Failing to require attendance at any safety meetings or instruction;

k.   Failing to discipline, supervise, remedy, and train Defendant **CODY A. SHOENEN**;

l.   Failing to train, reprimand, supervise, and remedy any deficiencies in Defendant **CODY A. SHOENEN**, as a driver;

m.  Failing to monitor and document the number of accidents, moving violations, speed of a particular violation, and fault of a violation and/or accident involving Defendant **CODY A. SHOENEN**;

n.   Failing to properly document citations, moving violations, accidents, and violation of policy Defendant **CODY A. SHOENEN**, and/or other employees;

o.   Failing to conduct regular and required review of Defendant **CODY A. SHOENEN'S**, performance;

p.   Failing to require and maintain records of violation by Defendant **CODY A. SHOENEN**;

q.   Failing to maintain a driver qualification file on Defendant **CODY A. SHOENEN**;

r.   Failing to require Defendant **CODY A. SHOENEN** to comply with the Texas and Federal Motor Carrier Safety Regulations, the Texas Commercial Motor Vehicle Driver's Handbook, and the Texas Transportation Code;

s.   Providing a truck to Defendant **CODY A. SHOENEN**, who was not properly trained and did not have the proper education, background, training, or experience to safely operate the tractor/trailer, and who was an incompetent and/or reckless driver who repeatedly failed to comply with Texas and Federal Regulations and Guidelines; and

t.   In violating the following provisions of Code of Federal Regulations and for which such failures constitute negligence per se as set out below:

1.   Part 380 regarding special training requirements;

2.   Part 390 regarding federal motor carrier safety regulations; and

3. Part 391 regarding the qualification of drivers.

Each of such acts and omissions, singularly or in combination with others, were the approximate cause of the injuries suffered by Plaintiffs. Plaintiffs pray for judgment in an amount in excess of the minimum jurisdictional limits of this Court.

## VII.
## AGENCY AND RESPONDEAT SUPERIOR

At all times material hereto, Defendant **CODY A. SHOENEN** was acting, not only in his individual capacity, but also as an agent, representative, and/or employee of Defendants **SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.,** and acting within the scope of such employment. Under the doctrines of *agency* and *respondeat superior*, Defendants are liable for the acts and omissions of their employee and/or agent.

## VIII.
## OSTENSIBLE AGENCY

Plaintiffs reasonably believed that Defendant **CODY A. SHOENEN** was an agent Defendants **SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.**

Further, Defendants held Defendant **CODY A. SHOENEN** out as their agent and Plaintiffs justifiably relied on said representation. Any actions or omissions committed by Defendant **CODY A. SHOENEN**, therefore, are imputable to Defendants **SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL**

ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND
DASEKE COMPANIES, INC.

## IX.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer physical and emotional injuries resulting in the following damages:

    a. Reasonable and necessary medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c. Physical pain and suffering in the past and future;

    d. Impairment in the past and future;

    e. Mental anguish in the past and future;

    f. Lost wages in the past and future; and

    g. Loss of earning capacity in the past and future.

## X.
## DISCOVERY REQUESTS

Under Texas Rule of Civil Procedure 194.2, Plaintiffs request that all Defendants named herein disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) through (l). This is to give further notice to the Defendants and Defendants' attorney(s) that attached to this Petition and Request for Disclosure, and being served herewith on each Defendant, are:

    a)     Interrogatories;

    b)       Request for Production; and

    c)       Request for Admissions.

Defendants are hereby requested to serve on the undersigned counsel true and complete responses to all written discovery requests within fifty (50) days of service.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs, against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of this Court; including interest, as allowed by Sec. 41.008, Chapter 41, Tex.Civ.Prac.& Rem.Code; together with pre-judgment interest (from the date of injury through the date of judgment), at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**LONCAR ASSOCIATES**

/s/ *William E. Hymes*

**William E. Hymes**
Texas Bar No. 24029624

424 S Cesar Chavez Blvd
Dallas, TX  75201
Tel. (214) 747-0422
Fax. (214) 393-6492
wehymes@loncarassociates.com

**ATTORNEY FOR PLAINTIFFS**

CAUSE NO. DC-19-16139

| PATRICIA RODRIGUEZ-LOPEZ AND<br>PETER LOPEZ | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| | § | 162ND JUDICIAL DISTICT |
| VS. | § | |
| | § | |
| CODY A. SCHOENEN AND SMOKEY<br>POINT DISTRIBUTING, INC. | § | DALLAS COUNTY, TEXAS |

**PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION
AND REQUEST FOR WRITTEN DISCOVERY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ, Plaintiffs, complaining of and about CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING, INC., and for cause of action shows unto the Court the following:

**I.
DISCOVERY CONTROL PLAN**

Plaintiffs intend to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.3 and affirmatively plead that they are seeking monetary relief of over $200,000.00, but not more than $1,000,000.00.

**II.
PARTIES AND SERVICE**

Plaintiff, **PATRICIA RODRIGUEZ-LOPEZ**, is an individual resident of Dallas, Texas. The last three digits of Plaintiff's Social Security Number are 747 and the last three digits of her driver's license are 878.

Plaintiff, **PETER LOPEZ**, is an individual resident of Dallas, Texas. The last three digits of Plaintiff's Social Security Number are 643 and the last three digits of his driver's license are 119.

Defendant **CODY A. SCHOENEN** is an individual resident of Woodway, Washington, and may be served through his attorney Michael H. Bassett, The Bassett Firm.

Defendant **SMOKEY POINT DISTRIBUTING, INC.,** is a foreign corporation which may be served and may be served through its attorney Michael H. Bassett, The Bassett Firm.

### III.
### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

Plaintiffs would show that Defendants engaged in activities constituting business in the state of Texas as provided by Tex. Civ. Prac. & Rem. Code § 17.042 in that said Defendants committed a tort in whole or in part in Texas.

Venue in Dallas County is proper in this cause, as provided by Tex. Civ. Prac. & Rem. Code § 15.002(a)(4) because at the time of the occurrence, Plaintiffs were residents of Dallas County, Texas.

### IV.
### FACTS

On October 4, 2017, Defendant **CODY A. SCHOENEN** was operating a tractor-trailer northbound on I-35, near Waco, Texas, with Plaintiff's vehicle situated beside him.  Defendant **CODY A. SCHOENEN** suddenly, and without warning, changed lanes and entered Plaintiffs' lane of travel crashing into the side of Plaintiffs' vehicle and forcing their vehicle into the concrete barrier.  As a result of the collision, Plaintiffs were caused to suffer injuries and damages which are the subject of this lawsuit.

At the time of the collision, Defendant **CODY A. SCHOENEN** was operating a tractor and pulling a trailer owned and/or leased by Defendant **SMOKEY POINT DISTRIBUTING, INC.**

## V.
## NEGLIGENCE OF DEFENDANT CODY A. SCHOENEN

Defendant **CODY A. SCHOENEN** had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under the same or similar circumstances.

The injuries suffered by Plaintiffs were proximately caused by Defendant **CODY A. SCHOENEN'S** negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant **CODY A. SCHOENEN** consisted of, but is not limited to, the following acts and omissions:

    a.  Failing to pay attention to the roadway and the other motor vehicles around him;

    b.  Failure to turn his vehicle in an effort to avoid the collision complained of;

    c.  Failure to keep such distance away from Plaintiffs' vehicle as a person using ordinary prudent care would have done;

    d.  Operating his vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    e.  Failure to apply the brakes to his vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

    f.  Violating the following provisions of the V.T.C.A. (Texas Transportation Code) and for which such failures constitute negligence per se as set out below:

Sec. 545.060. DRIVING ON ROADWAY LANED FOR TRAFFIC.

(a)    An operator on a roadway divided into two or more clearly marked lanes for traffic:

    (1)    shall drive as nearly as practical entirely within a single lane; and
    (2)    may not move from the lane unless that movement can be made safely.

    g.  Failure to read and follow the company policies and procedure;

    h.  Failure to obtain the necessary training, education, and knowledge to safely

operate the truck in question;

i.   Failure to adhere to the Texas Commercial Motor Vehicle Driver's Handbook;

j.   Operating the vehicle while overly fatigued; and

k.   Violating one or more of the following provisions of the Federal Motor Carrier Safety Regulations and for which such failure constitutes negligence per se as set out below:

1. 49 C.F.R. § 392.1, did not sufficiently know the safety regulations as required;

2. 49 C.F.R. § 392.14, did not exercise extreme caution when driving in hazardous conditions.

3. Part 380 regarding special training requirements.

4. Part 386 regarding rules of practice for motor carriers;

5. Part 383 regarding commercial driver's license requirements;

6. Part 390 regarding rules of practice for motor carriers; and

7. Part 391 regarding the qualification of drivers.

All such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

Each and every one of the foregoing acts and omissions, as well as others, which are not specifically mentioned herein, constitute negligence and each and every such act and/or omission was the proximate cause of the collision and of Plaintiffs' damages, for which they pray for judgment in an amount in excess of the minimum jurisdictional limits of the Court.

## VI.
## NEGLIGENCE OF DEFENDANTS SMOKEY POINT DISTRIBUTING, INC.

On the occasion in question, Defendant **CODY A. SCHOENEN** was an employee and/or agent of Defendant **SMOKEY POINT DISTRIBUTING, INC.** and driving a vehicle owned and/or leased by it.

Defendant negligently entrusted its vehicle to Defendant **CODY A. SHOENEN**. Further, Defendant negligently hired, negligently trained and negligently supervised Defendant **CODY A. SCHOENEN**.    Defendant was negligent, without limitations, in the following partriculars:

a.   Failing to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor-trailer on the roadway of the State of Texas;

b.   Failing to conduct a proper employment and background check;

c.   Failing to sufficiently inquire into Defendant **CODY A. SHOENEN'S**, qualifications, training, and competency before hiring him;

d.   Failing to explain and demonstrate its safety policies and procedures to Defendant **CODY A. SHOENEN**;

e.   Failing to provide the necessary and proper training to Defendant **CODY A. SHOENEN**, regarding truck driving, truck safety, safety classes, how to properly and safely drive a truck, and in all matters regarding the proper and safe operation of a truck and the maintenance of a truck in various situations;

f.   Failing to provide and/or require regular follow-up driver education and training;

g.   Failing to monitor Defendant **CODY A. SHOENEN**, to make sure that he was complying with policies and procedures;

h.   Failing to interview and test Defendant **CODY A. SHOENEN**, to make sure he read, and was familiar with, understood, and followed the company policies and procedures;

i.   Failing to document attendance and topics discussed at any safety meeting and/or course instruction;

j.   Failing to require attendance at any safety meetings or instruction;

k.   Failing to discipline, supervise, remedy, and train Defendant **CODY A. SHOENEN**;

l.   Failing to train, reprimand, supervise, and remedy any deficiencies in Defendant **CODY A. SHOENEN**, as a driver;

m. Failing to monitor and document the number of accidents, moving violations, speed of a particular violation, and fault of a violation and/or accident involving Defendant **CODY A. SHOENEN**;

n. Failing to properly document citations, moving violations, accidents, and violation of policy Defendant **CODY A. SHOENEN**, and/or other employees;

o. Failing to conduct regular and required review of Defendant **CODY A. SHOENEN'S**, performance;

p. Failing to require and maintain records of violation by Defendant **CODY A. SHOENEN**;

q. Failing to maintain a driver qualification file on Defendant **CODY A. SHOENEN**;

r. Failing to require Defendant **CODY A. SHOENEN** to comply with the Texas and Federal Motor Carrier Safety Regulations, the Texas Commercial Motor Vehicle Driver's Handbook, and the Texas Transportation Code;

s. Providing a truck to Defendant **CODY A. SHOENEN**, who was not properly trained and did not have the proper education, background, training, or experience to safely operate the tractor/trailer, and who was an incompetent and/or reckless driver who repeatedly failed to comply with Texas and Federal Regulations and Guidelines; and

t. In violating the following provisions of Code of Federal Regulations and for which such failures constitute negligence per se as set out below:

1. Part 380 regarding special training requirements;

2. Part 390 regarding federal motor carrier safety regulations; and

3. Part 391 regarding the qualification of drivers.

Each of such acts and omissions, singularly or in combination with others, were the approximate cause of the injuries suffered by Plaintiffs. Plaintiffs pray for judgment in an amount in excess of the minimum jurisdictional limits of this Court.

## VII.
## AGENCY AND RESPONDEAT SUPERIOR

At all times material hereto, Defendant **CODY A. SHOENEN** was acting, not only in his individual capacity, but also as an agent, representative, and/or employee of Defendant **SMOKEY POINT DISTRIBUTING, INC.,** and acting within the scope of such employment. Under the doctrines of *agency* and *respondeat superior*, Defendant is liable for the acts and omissions of its employee and/or agent.

## VIII.
## OSTENSIBLE AGENCY

Plaintiffs reasonably believed that Defendant **CODY A. SHOENEN** was an agent of Defendant **SMOKEY POINT DISTRIBUTING, INC.**

Further, Defendant held Defendant **CODY A. SHOENEN** out as its agent and Plaintiffs justifiably relied on said representation. Any actions or omissions committed by Defendant **CODY A. SHOENEN**, therefore, are imputable to Defendant **SMOKEY POINT DISTRIBUTING, INC.**

## IX.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer physical and emotional injuries resulting in the following damages:

    a. Reasonable and necessary medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c. Physical pain and suffering in the past and future;

    d.   Impairment in the past and future;

    e.   Mental anguish in the past and future;

    f.   Lost wages in the past and future; and

    g.   Loss of earning capacity in the past and future.

## X.
## DISCOVERY REQUESTS

Under Texas Rule of Civil Procedure 194.2, Plaintiffs request that all Defendants named herein disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) through (l).  This is to give further notice to the Defendants and Defendants' attorney(s) that attached to this Petition and Request for Disclosure, and being served herewith on each Defendant, are:

    a)      Interrogatories;

    b)      Request for Production; and

    c)      Request for Admissions.

Defendants are hereby requested to serve on the undersigned counsel true and complete responses to all written discovery requests within fifty (50) days of service.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs, against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of this Court; including interest, as allowed by Sec. 41.008, Chapter 41, Tex.Civ.Prac.& Rem.Code; together with pre-judgment interest (from the date of injury through the date of judgment), at the maximum rate allowed by law; post-judgment interest at the legal

rate; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**LONCAR ASSOCIATES**

*/s/ William E. Hymes*

**William E. Hymes**
Texas Bar No. 24029624

424 S Cesar Chavez Blvd
Dallas, TX  75201
Tel. (214) 747-0422
Fax. (214) 393-6492
wehymes@loncarassociates.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on this the 17th day of October, 2019, a true and correct copy of the above and foregoing instrument was served upon counsel for Defendants, pursuant to the TEXAS RULES OF CIVIL PROCEDURE, as follows:

**_Via E-Serve_**
Michael H. Bassett
The Bassett Firm

*/s/ William E. Hymes*

William E. Hymes

FILED
DALLAS COUNTY
10/14/2019 5:14 PM
FELICIA PITRE
DISTRICT CLERK

Kevin Molden

## CAUSE NO. DC-19-16139

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ AND PETER LOPEZ | § § § | IN THE DISTRICT COURT |
| VS. | § § § | |
| CODY A. SCHOENEN, SMOKEY POINT DISTRIBUTING, INC., SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., DASEKE COMPANIES, INC. | § § § § § § § § | 162ND JUDICIAL DISTICT

DALLAS COUNTY, TEXAS |

## PLAINTIFFS' PARTIAL NOTICE OF NONSUIT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Plaintiffs, Patricia Rodriguez-Lopez and Peter Lopez, and notify this Court that Plaintiffs no longer wish to pursue their claims against Defendants **SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., and DASEKE COMPANIES, INC.**

Plaintiff requests that the Court dismiss all claims, against Defendants **SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., AND DASEKE COMPANIES, INC.,** without prejudice, and to enter the accompanying Order of Dismissal.

Respectfully submitted,

**LONCAR ASSOCIATES**
/s/ William E. Hymes
**William E. Hymes**
Texas Bar No. 24029624

424 S Cesar Chavez Blvd
Dallas, TX 75201
Tel. (214) 747-0422
Fax. (214) 393-6492
wehymes@loncarassociates.com
**ATTORNEY FOR PLAINTIFFS**

CAUSE NO. DC-19-16139

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ AND | § | IN THE DISTRICT COURT |
| PETER LOPEZ | § | |
| | § | |
| VS. | § | |
| | § | 162ND JUDICIAL DISTICT |
| | § | |
| CODY A. SCHOENEN, SMOKEY | § | |
| POINT DISTRIBUTING, INC., SPD | § | |
| TRUCKING, L.L.C., HENNESSY | § | |
| CAPITAL ACQUISITION CORP. IV, | § | |
| LST EQUIPMENT, INC., TEXR ASSETS | § | |
| 2, L.L.C., DASEKE COMPANIES, INC. | § | DALLAS COUNTY, TEXAS |

<u>ORDER OF PARTIAL NONSUIT WITHOUT PREJUDICE</u>

On this day came before the Court, Plaintiffs' Partial Notice of Nonsuit Without Prejudice of Plaintiff's claims against Defendants **SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., and DASEKE COMPANIES, INC.**. The Court having considered the notice, hereby

ORDERED, ADJUDGED AND DECREED, that Plaintiff's claims against Defendants **SPD TRUCKING, L.L.C., HENNESSY CAPITAL ACQUISITION CORP. IV, LST EQUIPMENT, INC., TEXR ASSETS 2, L.L.C., and DASEKE COMPANIES, INC.**, are dismissed, without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' claims against Defendants **CODY A. SHOENEN and SMOKEY POINT DISTRIBUTING, INC.**, shall remain active.

SIGNED this ____ day of _____, 2019.

_____
JUDGE PRESIDING

FILED
DALLAS COUNTY
11/7/2019 4:39 PM
FELICIA PITRE
DISTRICT CLERK
Jeremy Jones

CAUSE NO: DC-19-16139

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ, | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | 162nd JUDICIAL DISTRICT |
| CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING, INC. | § § § § § § § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## AGREED MOTION TO TRANSFER VENUE

Defendants, CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING INC., file this Motion to Transfer Venue, and respectfully request the Court to transfer this case from Dallas County, Texas to Bell County, Texas.

In support of this request, Defendants respectfully would show the Court as follows:

# I.
# INTRODUCTION

1.     This is a personal injury suit arising from a motor vehicle incident that occurred on October 4, 2017, on northbound IH-35, north of Troy, Texas in Bell County, Texas. **Exhibit A.**

2.     In his First Amended Petition, Plaintiff asserts that venue is proper in Dallas County because at that time, "**Plaintiffs were residents of Dallas County.**" Plaintiffs' First Amended Petition and Request for Written Discovery at 2. However, this assertion is based on Plaintiffs' incorrect application of the law of venue.

3.     The interaction between Plaintiffs and Defendants occurred in Bell County, Texas, not Dallas County, Texas. No portion of these events giving rise to this lawsuit whatsoever took place in Dallas County. For this reason, Defendants specifically deny that Dallas County is a proper venue under Section 15.002(a) of the Texas Civil Practice and Remedies Code.

4.     Because the incident occurred in Bell County, all or a substantial part of the events or omissions giving rise to the claim occurred in Bell County. Smokey Point Distributing, Inc. does not have its principal office within the State of Texas. **Exhibit B.** Therefore, Dallas County is not a proper venue in this case while Bell County is.

# II.
# ARGUMENT & AUTHORITIES

5.     Under Section 15.002(a) of the Texas Civil Practice and Remedies Code, generally, venue is proper:

(1) In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) If Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

6.     No mandatory venue provisions apply in this case; therefore, this general rule governs venue in this case.

7. ~~In this case,~~ **venue ~~is not~~ proper in Dallas County,** ~~because all or a substantial~~ part of the events or omissions giving rise to the claim **did not** occur there. Additionally, neither Defendant resides nor has a principal office in Dallas County.

8. In contrast, **venue is proper in Bell County,** where the motor vehicle incident occurred, because all or a substantial part of the events or omissions giving rise to the claim occurred there.

## III.
## PRAYER

For these reasons, Defendants ask the Court to grant Defendants' Motion to Transfer Venue, and enter an Order transferring this case to Bell County, Texas.

Defendants also request all other relief to which they may be entitled in law and equity.

Respectfully submitted,

**THE BASSETT FIRM**

**MIKE H. BASSETT**
SBN: 01890500
mbassett@thebassettfirm.com
**GEORGETTE P. ODEN**
SBN: 24029752
goden@thebassettfirm.com
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
efile@thebassettfirm.com

**ATTORNEYS FOR DEFENDANTS
CODY SCHOENEN AND SMOKEY
POINT DISTRIBUTING**

**LONCAR & ASSOCIATES**


 */s/ William E. Hymes (with permission)*
**WILLIAM E. HYMES**
SBN: 24029624
wehymes@loncarassociates.com
424 S. Cesar Chavez Blvd.
Dallas, Texas 75201
(214) 747-0422 Telephone
(214) 393-6492 Facsimile


**ATTORNEYS FOR PLAINTIFFS
PATRICIA RODRIGUEZ-LOPEZ
AND PETER LOPEZ**

## CERTIFICATE OF CONFERENCE

Counsel for movant e-mailed a draft of this Motion to counsel for respondent on November 5, 2019. I have conferred with opposing counsel, William Hymes on November 5, 2019, and he agreed with filing this motion and the relief we have requested. However, it is necessary to proceed with filing this Motion and the Defendants' Original Answer without delay in light of the date of service and the potential harm to the movant in delaying the filing of these documents.


**MIKE H. BASSETT
GEORGETTE P. ODEN**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was forwarded to the following counsel of record pursuant to the Texas Rules of Civil Procedure on this ___7th___ day of November, 2019.

*Via Eservice:*
Mr. William E. Hymes
Loncar & Associates
424 S. Cesar Chavez Blvd.
Dallas, Texas 75201


**MIKE H. BASSETT**
**GEORGETTE P. ODEN**

# EXHIBIT A

### AFFIDAVIT OF CODY SCHOENEN

My name is Cody ___A___ Schoenen, my date of birth is 01/03/92, and my address is 23332 Edmonds Way, #D303, Edmonds, WA, 98026, in the United States. I declare under penalty of perjury that the foregoing is true and correct.

I am a party to this lawsuit, which relates to events on October 4, 2017. I was driving a tractor- trailer northbound on IH-35, north of Troy, Texas. To the best of my knowledge, both the Plaintiffs and I were physically located in Bell County, Texas when these events took place.

Executed in Snohomish County, State of Washington, on the 4 day of November, 2019.

(signature)

# EXHIBIT B

## AFFIDAVIT OF MICHAEL HAAS

My name is Michael Haas, my date of birth is 6-13-63 and my address is 317 N 57ᵗʰ St in the
United States. I declare under penalty of perjury that the foregoing is true and correct.   Yakima WA 98901

I am a Director and employed by a party to this lawsuit, which relates to events on October 4, 2017.  I
have worked for Smokey Point Distributing, Inc. for 2 years. The company's principal offices are not,
and have never been, in Texas. Our physical and mailing addresses are both in Arlington, Washington
State.

Executed in Snohomish County, State of Washington, on this the 4 day of November, 2019.


_____
(signature)

CAUSE NO:  DC-19-16139

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | _____ JUDICIAL DISTRICT |
| CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING, INC. | § § § | |
| Defendants. | § § | DALLAS COUNTY, TEXAS |

# DEFENDANTS, CODY A SCHOENEN AND SMOKEY POINT DISTRIBUTING, INC.'S, ORIGINAL ANSWER

Defendants, CODY A SCHOENEN and SMOKEY POINT DISTRIBUTING, INC., files this, their Original Answer, and respectfully would show the Court as follows:

# I.
# GENERAL DENIAL

1.     Defendants generally deny each and every, all and singular, of the material allegations of the Plaintiffs' live pleadings and demand strict proof thereof by a preponderance of the credible evidence as is their right under Texas Rule of Civil Procedure 92 and the Constitution of the State of Texas.

# II.
# SPECIFIC DENIALS - NEGLIGENCE PER SE

2.     The Defendants are not liable to the Plaintiffs for negligence *per se* as alleged, because the statutes allegedly violated impose no duty of care separate and apart from the ordinary duty of care *and* even if a Defendant did violate any of these statutes, which the Defendants specifically deny, that violation did not cause in fact or proximately cause any damage to the Plaintiffs.

3.      Further, even if the Defendants did violate any of these statutes, which they specifically deny, any violation was excused in that Defendant, Cody A. Schoenen, was forced by the presence of cars on both sides as well as construction barriers and lane paint to drive his tractor-trailer in the path available.

# III.
## DEFENSES

4.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, at all times material to the Plaintiff's allegations, the Defendants' conduct conformed to the applicable standard of care.

5.      Pleading further, and in the alternative, if such is necessary, Defendants contend that the alleged injuries and the collision made the basis of this suit were proximately caused by the negligent acts or omissions of Peter Lopez and Patricia Rodriguez-Lopez.

6.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, the Defendants assert that the occurrence which is the basis of this suit was the result of an unavoidable series of events which could occur without any negligence on the part of any of the Defendants whatsoever.

7.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, this action is subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, settling person, and responsible third parties that may be designated.

8.      Pleading further, and in the alternative, if such is necessary, the Defendants assert that the Plaintiffs' alleged damages, if any, were not proximately caused by an act or omission of the Defendants.

9.      Pleading further, the Defendants invoke § 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and request that, to the extent the Plaintiffs seek recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid or incurred by or on behalf of the Plaintiffs, as opposed to the amount charged.

10.     Pleading further, the Defendants assert that pre-judgment interest, if any, as requested in the Plaintiffs' live pleadings, is limited in accordance with § 304.104 et seq. of the TEXAS FINANCE CODE.

11.     Pleading further, Defendants invoke § 18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, which requires that any claim for lost wages or loss of earning capacity must be presented in the form of net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

# IV.
## PRAYER

Defendants pray that upon the final trial hereof Plaintiffs take nothing against Defendants. Further, Defendants ask the Court to enter Judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendants all other relief to which they may be entitled.

Further, Defendants pray that, depending upon the evidence adduced at trial, if Defendants are determined to be responsible to the Plaintiffs, which is denied, that Defendants be awarded a credit for the total sum of all dollar amounts of settlements received by and/or agreed to be paid to Plaintiffs as result of the occurrence(s).  Further,

Defendants pray that the percentages of responsibility of Plaintiffs, each Defendant, each settling person, and each designated Responsible Third-Party should, depending upon the evidence adduced at trial, be submitted to the jury for determination.

Defendants also pray for such other and further relief to which they are justly entitled at law and in equity.

Respectfully submitted,

THE BASSETT FIRM

MIKE H. BASSETT
SBN: 01890500
mbassett@thebassettfirm.com
GEORGETTE P. ODEN
SBN: 24029752
goden@thebassettfirm.com
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
eService: efile@thebassettfirm.com

ATTORNEYS FOR DEFENDANTS,
CODY A. SCHOENEN AND SMOKEY
POINT DISTRIBUTING, INC.

# CERTIFICATE OF SERVICE

The undersigned certifies that on this ___11th___ day of November, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure.

*Via eServe:*
Mr. William E. Hymes
Loncar & Associates
424 S. Cesar Chavez Blvd.
Dallas, Texas 75201

_____
**MIKE H. BASSETT**
**GEORGETTE P. ODEN**

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ-LOPEZ and PETER LOPEZ, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. ___6:19-cv-662___ |
| CODY A. SCHOENEN and SMOKEY POINT DISTRIBUTING, INC., | § § § | |
| Defendants. | § § | |

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fed. R. Civ. P. 7.1, Defendants Cody A. Schoenen and Smokey Point Distributing, Inc. provide the following information:

1) For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None.").

   **Smokey Point Distributing Inc. is owned by Daseke, Inc., a publicly traded company.**

2) A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:

   **Cody A. Schoenen, Smokey Point Distributing, Inc., Daseke, Inc., Napa River Insurance Services, Hudson Insurance Group, Patricia Rodriguez-Lopez and Peter Lopez, K-Clinic Medical Group, SJ Kechejian MD PA, Loncar Associates Attorneys at Law, Baylor Scott & White Medical Center at Irving, Century Integrated Partners, Inc., American Radiology Consultants, American Radiology Associates, Irving Laboratories, P.A., Foundation Physicians Group, Prime Diagnostic Imaging, Key Health Medical Solutions, Inc., Methodist Dallas Medical Center, Texas Physicians Resources, Radiology Associates of North Texas, ASP Cares, and Advantage Healthcare.**

Date: November 15, 2019

_____

Georgette P. Oden
SBOT: 24029752
The Bassett Firm
3838 Oak Lawn Ave. Suite 1300
Dallas, TX 75219
T: 214.219.9900
F: 214.219.9456